UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| QIU MIN JI, <br><br> Plaintiff, <br> v. <br><br> NATIONAL SECURITY AGENT AND OTHER AGENTS KNOWN AND UNKNOWN, <br><br> Defendants. <br> _____/ | No. C 15-01569 LB <br><br> **ORDER (1) DISCHARGING THE ORDER TO SHOW CAUSE AND (2) DENYING PLAINTIFF'S SECOND MOTION FOR AN EARLY CASE MANAGEMENT CONFERENCE** |

On April 6, 2015, Plaintiff Qui Min Ji, who is proceeding *pro se*, filed a document titled, "Complaint Disclose the Forever Mystery of our Cyber Security," against "National Security Agent and other Agents Known or Unknown." (Complaint, ECF No. 3.) The gist of Plaintiff's complaint is that a Chinese spy who resides in the United States has been controlling the Internet for over four years. This Chinese spy, at the "NSA's" direction or permission, implanted multiple biosensors into Plaintiff's brain and uses them to control Plaintiff. Somehow, FCC regulations regarding DNS name registration are involved, too.

In the complaint, Plaintiff never describes the agent(s) sued, never alleges a specific legal claim against the agent(s), and never alleges why this court has subject-matter jurisdiction over the action. Because federal courts are courts of limited jurisdiction and she did not meet her burden to establish subject-matter jurisdiction, the court ordered, the court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

1    Plaintiff responded to the order to show cause on April 15, 2015.  (Response, ECF No. 8.)  She
2  still does not identify a specific legal claim.  Instead, she provides further discussion about her mind-
3  control allegations.  She says that she sued the "NSA," which could stand for National Security
4  <u>Agent</u> (the name of the Defendant in this action) or it could stand for the National Security <u>Agency</u>
5  (an agency of the United States government).  She also does not explain why the court has subject-
6  matter jurisdiction over this action.

7    Still, given that it appears that Plaintiff sued either an agency of the United States government or
8  an national security agent, and her allegations sound in tort, the court presumes that she could intend
9  to allege a claim under 42 U.S.C. § 1983 or the Federal Tort Claims Act, both of which would
10 provide this court with federal question subject-matter jurisdiction.  While the court has doubts
11 about the sufficiency of these claims, Plaintiff paid the filing fee and did not apply to proceed in
12 forma pauperis, so the court does not conduct a frivolousness review under 28 U.S.C. § 1915(e).
13 Accordingly, the court discharges its order to show cause.

14   The court reminds Plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a
15 defendant is not served within 120 days after the complaint is filed, the court—on motion or on its
16 own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or
17 order that service be made within a specified time.  But if the plaintiff shows good cause for the
18 failure, the court must extend the time for service for an appropriate period."  Here, Plaintiff filed
19 her complaint on April 6, 2015.  This means that, absent good cause, she has until August 4, 2015 to
20 serve Defendant(s) with her complaint and the summons.  Failure to do so could result in the
21 dismissal of the action without prejudice.

22   Finally, the court notes that Plaintiff filed two documents on April 16, 2015, both of which are
23 titled as "motions."  (See "Motion: Yuan Sun's Internet & Computer Control Comes to Court," ECF
24 No. 9; "Motion 1: NSA & Yuan Sun's Intensive Killing Efforts," ECF No. 10.)  In the first
25 document, Plaintiff does not actually ask the court to do anything other than review the document
26 itself.  In the second document, after providing further factual allegations, Plaintiff says that an early
27 case management conference is necessary.  On this record, the court does not believe that an early
28 case management conference is warranted.  Accordingly, the court denies Plaintiff's second request

1  for one.

2  **IT IS SO ORDERED.**

3  Dated: April 24, 2015

_____
LAUREL BEELER
United States Magistrate Judge